IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY BUCKHAULTER**
**AND LOUIS BROOKS, JR.**                                                                                         **PLAINTIFFS**

**VS.**                                                                 **CIVIL ACTION NO. 3:14-CV-545-HTW-LRA**

**BANK OF AMERICA c/o THE CORPORATION**
**TRUST COMPANY and NATIONSTAR**
**MORTGAGE, LCC, c/o CORPORATION**
**SERVICE COMPANY**                                                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On July 14, 2014, Kimberly Buckhaulter and Louis Brooks, Jr. [hereinafter "Plaintiffs"] filed a Complaint [1] against the Defendant finance companies charging violations of the Fair Housing Act of 1968, including allegations of wrongful foreclosure based upon the race of the borrowers. On the same date, Plaintiffs filed a Motion to Proceed *In Forma Pauperis* [2] requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiffs are not indigent under the law and should not be allowed to proceed *in forma pauperis*. Both Plaintiffs are currently employed and have college educations. Ms. Buckhaulter makes a gross income of $2500, plus $300 in child support, and Mr. Brooks makes $800 per month in gross income. Their monthly expenses are $3846, whereas their gross income is $3600. They own a home valued at $101,000, a 2013 Nissan Maxima (valued at $40,000), and a 1998 Buick Regal (valued at $3000).

They have three minor dependents who live with them.  They have $200 in cash on hand and have $200 in their bank account.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988).  This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity?  *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship?  *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim?  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiffs, particularly the fact that the household receives a regular monthly income through both parties' employment, and they have access to at least $400, the Court finds that they could pay filing costs without undue financial hardship if given sixty days to pay the filing fees.  They will not be rendered destitute by paying the filing fees, as the family does own a home and motor vehicles.  They will not be barred from the federal courts due to their lack of financial resources.

The Court also notes that this is a civil case and, if meritorious, should be fee-producing.  Plaintiffs have not yet searched for an attorney willing to prosecute their case on a contingent fee basis.  They have not spent any money for expenses or an attorney and attest that they are unwilling to do so.

Hence, it is the recommendation of the undersigned that Plaintiffs' motion to proceed *in forma pauperis* be denied and that they be given sixty days to pay the filing fees in this cause. All of the costs associated with the filing of this lawsuit should be paid on or before **September 26, 2014**, or this case should be dismissed without prejudice without further notice.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy of this Report and Recommendation. The failure to file timely objections shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiffs shall pay the full filing fees in this case on or before **September 26, 2014,** unless they appeal this recommendation to the district judge**. If they fail to pay the fees by this date, the Complaint should be dismissed without prejudice.**

This the 23rd day of July, 2014.

                                                S/ Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE